phase of his own criminal record. 258 Ga. 255, 261, 368 S. E. 2d 493, 497–498 (1988).

I believe this factual record raises grave questions about whether the Georgia Supreme Court has correctly applied this Court's standards for finding harmless-error standards in capital cases, as outlined most recently in *Satterwhite* v. *Texas*, 486 U. S. 249 (1988). In *Satterwhite*, handed down shortly after the Georgia Supreme Court's decision in this case, we emphasized again the importance of avoiding error in capital cases; we stated that the proper standard of review is "whether the State has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.*, at 258–259 (quoting *Chapman* v. *California*, 386 U. S. 18, 24 (1967)). I believe it is far from clear that Georgia has satisfied this daunting standard, and therefore I would grant this petition.

No. 87–6807. WICKS v. UNITED STATES, *ante*, p. 831;

No. 87–7005. MARTIN v. SHANK ET AL., *ante*, p. 833;

No. 87–7033. YOUNG v. ALABAMA, *ante*, p. 834;

No. 87–7097. JOHNS v. BOSTWICK (three cases), *ante*, p. 836;

No. 87–7135. IN RE PHILLIPS ET AL., *ante*, p. 814;

No. 87–7188. MONTGOMERY v. INDIANA, *ante*, p. 840;

No. 87–7190. BATTLE v. MISSOURI, *ante*, p. 871;

No. 87–7212. SPENCER v. ILLINOIS, *ante*, p. 841;

No. 87–7227. FAISON v. NESBITT, JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, ET AL., *ante*, p. 841;

No. 87–7237. SMITH v. FLORIDA, *ante*, p. 842;

No. 87–7316. LAWRENCE v. OAO CORP., *ante*, p. 845;

No. 88–137. GRACEY v. DAY ET AL., *ante*, p. 880;

No. 88–5084. MARTIN v. MARYLAND STATE BOARD OF LAW EXAMINERS ET AL., *ante*, p. 804;

No. 88–5140. IN RE RADVAN-ZIEMNOWICZ, *ante*, p. 814;

No. 88–5146. JOHNSON v. IRBY, *ante*, p. 862;

No. 88–5171. NUBINE v. TEXAS BOARD OF CORRECTIONS ET AL., *ante*, p. 863;

No. 88–5313. NASH v. ERVIN, *ante*, p. 897; and

No. 88–5323. GAUNCE v. ST. PAUL MERCURY INSURANCE CO. ET AL., *ante*, p. 804. Petitions for rehearing denied.